1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

11   **JAMES VEST,**                                        )      **Case No. CV 15-4698-JVS(AJW)**
                                                            )
12                          **Petitioner,**                 )
                                                            )
13        **v.**                                            )      **MEMORANDUM AND ORDER**
                                                            )      **DISMISSING PETITION**
14   **STATE OF CALIFORNIA,**                               )      **WITHOUT PREJUDICE**
                                                            )
15                          **Respondent.**                 )
     _____                )

16

17        Petitioner filed a petition for a writ of habeas corpus on June

18   19, 2015. On June 24, 2015, the petition was dismissed without

19   prejudice and with leave to amend.  The order dismissing the petition

20   explained that the petition failed to set forth an intelligible claim

21   for relief and failed to state whether petitioner had exhausted any

22   claim by presenting it to the California Supreme Court. In addition,

23   the order explained that petitioner had failed to name a proper

24   respondent and had failed to verify the petition.

25        Petitioner was provided an opportunity to cure these deficiencies

26   by filing an amended petition. Petitioner was cautioned that failure

27   to timely comply with the order would result in dismissal of this

28   action without prejudice. Petitioner's amended petition was due on

     July 22, 2015. As of the date of this order, petitioner has neither

1 filed an amended petition nor requested additional time within which
2 to do so.

3      A district court's authority to dismiss a litigant's action for
4 failure to prosecute or to comply with court orders is well-
5 established. <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash R. Co.</u>, 370
6 U.S. 626, 629-630 (1962); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th
7 Cir.), <u>cert. denied</u>, 506 U.S. 915 (1992). "The power to invoke this
8 sanction is necessary in order to prevent undue delays in the
9 disposition of pending cases and to avoid congestion in the calendar
10 of the District Courts." <u>Link</u>, 370 U.S. at 629-630.

11      In determining whether to dismiss a case for failure to
12 prosecute, failure to comply with court orders, or failure to comply
13 with a local rule, a district court should consider the following five
14 factors: "(1) the public's interest in expeditious resolution of
15 litigation; (2) the court's need to manage its docket; (3) the risk of
16 prejudice to the defendants; (4) the public policy favoring
17 disposition of cases on their merits; and (5) the availability of less
18 drastic sanctions." <u>In re Phenylpropanolamine (PPA) Prod. Liab.</u>
19 <u>Litig.</u>,460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing
20 and applying those factors); <u>see Pagtalunan v. Galaza</u>, 291 F.3d 639,
21 642 (9th Cir. 2002) (same), <u>cert. denied</u>, 538 U.S. 909 (2003); <u>see</u>
22 <u>generally Computer Task Group, Inc. v. Brotby</u>, 364 F.3d 1112, 1115
23 (9th Cir. 2004) (failure to comply with discovery orders); <u>Southwest</u>
24 <u>Marine Inc. v. Danzig</u>, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to
25 prosecute), <u>cert. denied</u>, 523 U.S. 1007 (2001). Regardless of whether
26 a litigant's conduct is most properly characterized as a failure to
27 prosecute, comply with an order, or follow a local rule, the
28 applicable standard is the same.

The first and second factors — the public's interest in expeditious resolution of litigation and the court's need to manage its docket — favor dismissal. <u>See</u> <u>Computer Task Group</u>, 364 F.3d at 1115; <u>Pagtalunan</u>, 291 F.3d at 642; <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999)); <u>see also</u> <u>In re PPA Prod. Liab. Litig.</u>, 460 F.3d at 1234 ("[D]ismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket.").

The third factor — prejudice to defendants or respondents — also weighs in favor of dismissal. In the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay. <u>In re Eisen</u>, 31 F.3d 1447, 1452-1453 (9th Cir. 1994)(citing <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976)); <u>see also</u> <u>Pagtalunan</u>, 291 F.3d at 642-643 (holding that unreasonable delay weighed in favor of dismissal, and noting that "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale") (citing <u>Sibron v. New York</u>, 392 U.S. 40, 57 (1968)).

The fourth factor — the availability of less drastic sanctions — also supports dismissal. The Court explicitly warned petitioner about the consequences of failing to file an amended petition. <u>See</u> <u>In re PPA Prod. Liab. Litig.</u>, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."); <u>Ferdik</u>, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the

'consideration of alternatives' requirement."); <u>Anderson</u>, 542 F.2d at 525 ("There is no requirement that every single alternative remedy be examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required.").

The fifth factor — the public policy favoring disposition of cases on their merits — weighs against dismissal, as it always does. <u>Paqtalunan</u>, 291 F.3d at 643 (citing <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." <u>In re Eisen</u>, 31 F.3d at 1454 (quoting <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991)). Petitioner has not fulfilled that obligation.

The five-factor test for dismissal under Rule 41(b) is a disjunctive balancing test, so not all five factors must support dismissal. <u>See Valley Eng'rs Inc. v. Elec. Eng'g  Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal), <u>cert. denied</u>, 526 U.S. 1064 (1999); <u>Hernandez</u>, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal). Four of the five factors support dismissal in this case.

Prior to dismissal on the court's own motion, a pro se petitioner should be notified of the basis for dismissal and warned that dismissal is imminent. <u>See Ferdik</u>, 963 F.2d at 1262; <u>West Coast</u>

4

1    Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.

2    1990). That prerequisite has been satisfied in this case. Therefore,

3    dismissal under Rule 41(b) is appropriate.

4         It is within the Court's discretion to determine whether

5    dismissal for failure to prosecute or failure to comply with orders

6    should be with prejudice or without prejudice. Considering all the

7    circumstances, dismissal without prejudice is more appropriate in this

8    case. Accordingly, this case is dismissed without prejudice.

9         **It is so ordered**

10

11   Dated: August 31, 2015

12                                    _____

13                                    James V. Selna
                                      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28